# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: A.L.**

**No. 12-1428** (Pleasants County 12-JA-09)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Child A.L. filed this appeal, by her guardian ad litem Michael D. Farnsworth Jr. This appeal arises from the Circuit Court of Pleasants County, which dismissed the child's father from the underlying abuse and neglect petition. This dismissal order was entered on November 5, 2012. A.L.'s brother responds, by his guardian ad litem Paul V. Morrison II, in support of the circuit court's dismissal. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, also responds in support of the circuit court's dismissal order. Child A.L. has submitted a reply to these responses.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, the DHHR filed the underlying abuse and neglect petition against both parents. After the parents divorced in 2005, the teenage children's primary custody was placed with their mother. The only allegations directed against the father in the abuse and neglect petition were of abandonment through withholding support and shelter, and neglect through knowingly failing to protect the children from their mother's neglect. At the adjudicatory hearing in September of 2012, the DHHR moved to dismiss the children's father from the case, to which A.L. opposed. The father testified that, subsequent to his divorce from the children's mother, he maintained weekly visitation with the children every weekend until the children decided to stop seeing him so that they could spend more time with their friends. Visits eventually dwindled to one to two times each year, but the father never missed a child support payment. The circuit court dismissed the father from this action after finding that he complied with all of his child support payments and any decrease in visitation was not through fault of his own. The circuit court further found that there was insufficient evidence to substantiate any abandonment, abuse, or neglect by the father. From this decision, child A.L. appeals.

First, A.L. argues that the circuit court erred when it found that the father's inactions could not be held to constitute abuse and neglect of the children. She argues that because her father knew of her mother's driving under the influence ("DUI") charge and a time when their home's utilities were shut off, her father should have filed a motion in family court to modify custody of her and her brother. She argues that her father abandoned and neglected them when

1

he failed to put their best interests first. Next, A.L. argues that the circuit court erred when it held that the father was entitled to a reasonable belief that the DHHR was in the best position to determine whether his children were being abused or neglected after the father made one referral in the past to the DHHR on the children's behalf. A.L. asserts that there is no statute that relieves a parent from his or her duties to care for the children's best interests. Lastly, A.L. argues that the circuit court erred when it failed to find that neither the father's failure to seek aid for the children through family court nor his refusal or inability to provide his children with necessary shelter is abuse or neglect. A.L. raises that his ongoing refusal constitutes neglect.

In response, the guardian ad litem for A.L.'s brother and the DHHR contend that the circuit court committed no error in dismissing the father from this case. Respondents assert that the teenage children chose to decrease visitation with their father because they wanted to spend more of their free time on the weekends with their friends. The DHHR highlights that West Virginia Code § 48-9-206(a)(2) allows children fourteen years or older to express preferences for their parents' custodial time. With regard to A.L.'s argument that the father's refusal to provide them shelter constitutes neglect, respondents highlight that the children only requested residence with their father once. Because this request was motivated by an argument the children were having with their mother, the father refused. The brother's guardian ad litem submits that, upon interviewing the brother, the brother indicates bitterness over his parents' divorce but does not believe that his father ever "abandoned" him or his sister. Respondents further assert that the limited knowledge the children's father had about their life with their mother would not have been sufficient evidence to succeed in modifying custody in family court. For instance, the father only learned about the mother's DUI from reading the newspaper, and did not know of any sort of alcohol abuse she may have had. The father further testified of the lack of communication between him and his children. The DHHR adds that although the father's contact with his children was less than ideal, it did not rise to the level of neglect to terminate parental rights. The DHHR references Syllabus Point 7 of *West Virginia Department of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996), and raises that the evidence presented was not clear and convincing that the father "knowingly" condoned the mother's behavior.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

2

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, we find no error or abuse of discretion by the circuit court in this case. The circuit court found that the evidence failed to show by clear and convincing evidence that the father was aware of any danger to his children to justify seeking any action in court or that he has ever been delinquent on child support payments. The circuit court concluded that the facts and circumstances of the case do not arise to abuse and neglect by the father. Our review of the record, including the adjudicatory hearing transcript, supports the circuit court's dismissal.

This Court reminds the circuit court of its duty to establish permanency for A.L. and her brother. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard ,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm the circuit court's dismissal order.

                                                                    Affirmed.

**ISSUED:**  May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman